Rick L. Koehmstedt, Wyoming Bar No. 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center, Suite 500
Casper, WY 82601
307-235-6681
307-234-5099 fax
rick@schwartzbon.com
Attorneys for Plaintiff



**FILED**

4:23 pm, 1/4/22

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

ARCH TRANSPORT, LLC, an Idaho limited ) 
liability company, )
)
        Plaintiff, )
)
vs. )
)    Civil Action No.: ___22-CV-4-ABJ___
)
CRETE CARRIER CORPORATION, a Nebraska )
corporation, GENERAL FREIGHT EXPERTS, an )
Ohio corporation, and TIMMAJ, INC., an Illinois )
corporation, )
)
        Defendant. )

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff Arch Transport, LLC ("Arch"), by and through its undersigned attorneys, and for its Complaint against Defendants hereby states and alleges as follows:

## PARTIES TO THE ACTION

1.    At all times material to this Complaint, Plaintiff was an Idaho limited liability company with its principal place of business located in Boise, Idaho. All members of Arch are residents of Idaho.

2.    At all times material to this Complaint, Defendant Crete Carrier Corporation ("Crete") was a Nebraska corporation with its principal place of business in the state of Nebraska.

3.     At all times material to this Complaint, Defendant General Freight Experts ("GFE") was an Ohio corporation with its principal place of business in the state of Ohio.

4.     At all times material to this Complaint, Defendant Timmaj, Inc. ("Timmaj") was an Illinois corporation with its principal place of business in the state of Illinois.

## JURISDICTION AND VENUE

5.     This is a civil action asserted by Plaintiff involving claims in an amount exceeding $75,000.00, excluding interest and costs.  The Plaintiff and all Defendants in this action are citizens of different states.  This Court has jurisdiction pursuant to 28 U.S.C. §1332.

6.     The motor vehicle crash giving rise to the Plaintiff's claims against Defendants occurred in Wyoming.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## STATEMENT OF FACTS

7.     Plaintiff incorporates and restates the allegations set forth in Paragraphs 1 through 6 of this Complaint.

8.     At approximately 3:19 a.m. on November 11, 2019, Timmaj employee Zakariya Mahat ("Mahat") was driving a tractor-trailer owned by Timmaj westbound on Interstate I-80 in Sweetwater County, Wyoming.  The road conditions on I-80 were icy.

9.     Mahat was acting in the course and scope of his employment for Timmaj at the time.

10.     Mahat was driving too fast for the existing icy road conditions.  Due to his excessive speed, and failure to keep his vehicle under proper control, Mahat lost control of his vehicle and slid off I-80.  The single vehicle accident involving Mahat is hereinafter referred to as the "Mahat Accident".

11.     The negligence and improper driving of TIMMJ employee Mahat in turn caused a chain of foreseeable events and was a substantial factor in Plaintiff's damages alleged herein.

2

12.     The Mahat Accident was reported to law enforcement, and a deputy with the Sweetwater County Sheriff's Office ("SCSO") traveled to the scene.  Upon arriving at the Mahat Accident scene, the SCSO deputy stopped the patrol vehicle in the emergency lane on the north side of westbound I-80 with emergency flashers activated.

13.     A short time later, Crete driver Dana Burkley ("Burkley") arrived at the Mahat Accident scene driving a tractor-trailer owned by Crete.  For reasons unknown, Burkley stopped the Crete tractor-trailer immediately in front of the SCSO vehicle, partially blocking the right lane of westbound I-80. The location of the Burkley tractor-trailer also blocked the view of the SCSO vehicle flashers from oncoming vehicles.

14.     Burkley was acting in the course and scope of his employment for Crete at the time.

15.     At approximately the same time, GFE driver Rasheed Thomas ("Thomas") arrived at the Mahat accident scene.   Thomas was driving too fast for the existing icy conditions.  Due to Thomas's excessive speed, Thomas lost control of the GFE tractor-trailer and jackknifed on I-80 blocking the left westbound lane and part of the right westbound lane.

16.     Thomas was acting in the course and scope of his employment with GFE at the time.

17.     Shortly thereafter, Plaintiff Arch's driver Zlatko Nikolic ("Nikolic") came upon the hazardous conditions created by Burkley and Thomas blocking I-80.  Nikolic, who was driving a tractor-trailer owned by Arch, was driving at a safe and reasonable speed.  However, due to the sudden and unexpected hazard created by Burkley and Thomas completely blocking both lanes of I-80, Nikolic could not drive through the scene and was forced to take evasive action.  Unfortunately, because Nikolic was descending a hill at the time, he was unable to avoid the hazards and collided with the rear of the Crete tractor-trailer driven by Burkley.  The impact caused damages to Plaintiff including property damage to its tractor-trailer and economic loss due to this accident.

18.     Defendant Timmaj's driver had a duty to drive his tractor-trailer combination safely and in accordance with state and federal law and existing conditions of the roadway.

19.     Defendant Timmaj's driver had a duty to keep proper control of the tractor-trailer he was driving.

20.     Defendant Crete's driver had a duty to drive his Crete tractor-trailer safely and in accordance with state and federal law and existing conditions of the roadway.

21.     Defendant Crete's driver had a duty to maintain a proper lookout for other traffic and heed warnings of traffic conditions.

22.     Defendant GFE's driver had a duty to drive his GFE tractor-trailer safely and in accordance with state and federal law and existing conditions of the roadway.

23.     Defendant GFE's driver had a duty to keep proper control of his vehicle and maintain a proper lookout for other traffic and heed warnings of traffic conditions.

24.     The drivers for Defendants Crete, GFE, Timmaj breached these, and other, applicable duties.

I.      **FIRST CLAIM FOR RELIEF – VICARIOUS LIABILITY OF CRETE**

25.     Plaintiff incorporates the above allegations as if fully set forth herein.

26.     Defendant Crete's driver (Burkley) was negligent in causing this crash.  The negligent acts include, but are not limited to:

a.      Driving in a manner which was not reasonable under the circumstances;

b.      Improperly and needlessly stopping on the roadway and creating a hazard; and

c.      Violating traffic control laws and regulations.

27.     It was foreseeable to Burkley that acting in a negligent manner, as described herein, would result in damages to Plaintiff.

4

28.     At the time of this accident, Burkley was an employee and agent of Crete and was acting in the course and scope of his employment.

29.     Burkley was driving a tractor-trailer owned by Crete under Crete's federal operating authority in interstate commerce at the time of the crash.

30.     As a direct and proximate result of Burkley's breach of duties, Plaintiff Arch sustained damages including, but not limited to, property damage and economic loss resulting from this accident in an amount to be proven at trial.

31.     Defendant Crete is vicariously liable for the negligence of its employee Burkley and therefore responsible for all damages and losses suffered by the Plaintiff as described herein.

## II.     SECOND CLAIM FOR RELIEF – VICARIOUS LIABILITY OF GFE

32.     Plaintiff incorporates the above allegations as if fully set forth herein.

33.     Defendant GFE's driver (Thomas) was negligent in causing this crash.  The negligent acts include, but are not limited to:

a.      Failing to keep a proper lookout;

b.      Driving too fast for conditions;

c.      Failing to keep his vehicle under proper control;

d.      Failing to heed warnings;

e.      Driving in a manner which was not reasonable under the circumstances; and

f.      Violating traffic control laws and regulations.

34.     It was foreseeable to Thomas that acting in a negligent manner, as described herein, would result in damages to Plaintiff.

35.     At the time of this accident, Thomas was an employee and agent of GFE and was acting in the course and scope of his employment.

36.     Thomas was driving a tractor-trailer owned by GFE under GFE's federal operating authority in interstate commerce at the time of the crash.

37.     As a direct and proximate result of Thomas's breach of duties, Plaintiff Arch sustained damages including, but not limited to, property damage and economic loss resulting from this accident in an amount to be proven at trial.

38.     Defendant GFE is vicariously liable for the negligence of its employee Thomas and is responsible for all damages and losses suffered by the Plaintiff as described herein.

### III.     THIRD CLAIM FOR RELIEF – VICARIOUS LIABILITY OF TIMMAJ

39.     Plaintiff incorporates the above allegations as if fully set forth herein.

40.     Defendant Timmaj's driver (Mahat) was negligent in causing this crash.  The negligent acts include, but are not limited to:

a.     Failing to keep a proper lookout;

b.     Driving too fast for conditions;

c.     Failing to keep his vehicle under proper control;

d.     Failing to heed warnings;

e.     Driving in a manner which was not reasonable under the circumstances; and

f.     Violating traffic control laws and regulations.

41.     It was foreseeable to Mahat that acting in a negligent manner, as described herein, would result in damages to other motorists, including Plaintiff.

42.     Mahat's negligence was a substantial factor in causing Plaintiff's damages.

43.     At the time of this accident, Mahat was an employee and agent of Timmaj and was acting in the course and scope of his employment.

44.     Mahat was driving a tractor-trailer owned by Timmaj under Timmaj's federal operating authority in interstate commerce at the time of the crash.

45.     As a direct and proximate result of Mahat's breach of duties, Plaintiff Arch sustained damages including, but not limited to, property damage and economic loss resulting from this accident in an amount to be proven at trial.

46.     Defendant Timmaj is vicariously liable for the negligence of its employee Mahat and is responsible for all damages and losses suffered by the Plaintiff as described herein.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants for monetary damages in an amount to fairly and justly compensate Arch for the total loss of its truck, cargo loss damages, lost revenue and other economic damages, storage expenses, and other recoverable damages to be proven at trial, and for such other and further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby requests a jury trial on all claims and issues in this case in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

DATED this 4th day of January 2022.

Rick L. Koehmstedt, WY Bar No.: 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 S. Center St., Ste. 500
Casper, WY 82601
(307) 235-6681
(307) 234-5099 fax
rick@schwartzbon.com
Attorneys for Plaintiff